**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000431**
**04-JAN-2012**
**10:11 AM**

NO. CAAP-11-0000431


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RAINELL JAVIER, Individually and as Prochein Ami
for JORDAN MANO-RAGUDO, a minor and JEREMY JAVIER,
Plaintiffs-Appellees
v.
JOHN COSTALES, JR. Individually and
in his official capacity as Principal of
Kalama Intermediate School; STATE OF HAWAI'I,
DEPARTMENT OF EDUCATION, Defendants-Appellants,
and
KINGSLEY LINDSEY, a minor;
CARRIE LINDSEY as parent of minor Kingsley Lindsey; et al.,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 07-1-0160(1))

<u>ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION</u>
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Defendants/Cross-Claim Plaintiffs/
Appellants State of Hawai'i and Department of Education's (the
State Appellants) November 25, 2011 motion to determine
jurisdiction, or in the alternative, for a modification of the
briefing schedule, (2) the lack of any response by any other

party in this appeal to the State Appellants' November 25, 2011 motion, and (3) the record, it appears that we lack jurisdiction over the State Appellants' appeal in Appeal No. CAAP-11-0000431 from the Honorable Joel E. August's February 23, 2011 judgment, because the February 23, 2011 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must

> say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to case upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). As the Supreme Court of Hawai'i has explained, "we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58." Id. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

Although multiple parties asserted multiple claims against multiple parties, the February 23, 2011 judgment resolves only the cause of action for negligence in the amended complaint. The February 23, 2011 judgment neither resolves all parties' claims nor contains an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). Therefore, the February 23, 2011 judgment does not satisfy requirements for an appealable judgment in a multiple-claim case under HRCP Rule 58 and the holding in Jenkins. Absent the entry of an appealable final

judgment, the appeal is premature, and we lack appellate jurisdiction over the Appeal NO. CAAP-11-0000431. Accordingly,

IT IS HEREBY ORDERED that, in response to the State Appellants' November 25, 2011 motion to determine jurisdiction, or in the alternative, for a modification of the briefing schedule, the appeal in Appeal No. CAAP-11-0000431 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, January 04, 2012.

Chief Judge

Associate Judge

Associate Judge

-4-